# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS, <br>                           Plaintiff, <br> vs. <br> WELLS FARGO & COMPANY, WELLS FARGO BANK, NATION, <br>                         Defendants. | CASE NO. 17cv900-LAB (BLM) <br> **ORDER OF REMAND** |

When a defendant removes a case from state court, and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Wells Fargo & Company (California citizen) and Wells Fargo Bank N.A. (South Dakota citizen) removed this case after Robert Thomas (California citizen) sued for employment retaliation under California law. Defendants argue diversity jurisdiction exists because Thomas fraudulently sued Wells Fargo & Company. The Court disagrees.

Under the fraudulent joinder doctrine, courts ignore a defendant's citizenship only when the defendant meets its "heavy burden" to show it's "obvious" the plaintiff has failed "to state a cause of action against a resident defendant" "according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (remanding because Wells Fargo N.A. failed to show fraudulent joinder). Defendants argue that Thomas doesn't have any claims against Wells Fargo & Company because he wasn't their employee. But Thomas says whether Wells Fargo & Company counts as his employer

is a key factual issue that's not appropriate to resolve at this stage. And he points out that several of his causes of action contemplate the possibility of employees suing multiple employers. Thomas may not be right that Wells Fargo & Company can count as his employer; but it's not "obvious" that he's wrong. *Id.*[1]

Other important standards support this conclusion. First, Thomas is "the master of the complaint"—if he wants to avoid federal court by suing certain defendants for certain causes of action, he's on firm ground. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, there's a strong presumption against removal jurisdiction, and any doubts are resolved in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (remanding because defendants failed to overcome presumption against removal based on fraudulent joinder). And third, since the only underlying claims turn on California law, "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Defendants failed to meet their heavy burden to show fraudulent joinder. Since the parties aren't completely diverse, the Court lacks jurisdiction. The case is remanded to the Superior Court of California, County of San Diego, Central Division.[2]

**IT IS SO ORDERED**.

Dated: August 3, 2017

*[signature]*
**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Defendants maintain that two cases counsel in favor of denying remand: *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911 (N.D. Cal. 2015) and *Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 5844693 (W.D. Wash. 2012). Neither case is on point. *Vasquez* turned on 28 U.S.C. §1447(e) and *Campidoglio* was at the summary judgment stage. Those standards aren't in play here. Instead, the test is whether defendants met their heavy burden of showing it's obvious under California law that Thomas can't state a claim.

[2] The Court declines to award Thomas fees since Wells Fargo had a reasonable basis for its argument and there's nothing unusual about this case. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, (2005) ("absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal").